**Ariska SAVIOUR, Plaintiff,**

v.

**CITY OF KANSAS CITY, KANSAS, et al., Defendants.**

**Civ. A. No. 90–2430–L.**

United States District Court, D. Kansas.

June 4, 1992.

On Motion to Reconsider June 22, 1992.

Rosie M. Quinn, Rosie M. Quinn & Associates, Kansas City, Kan., for plaintiff.

Maurice J. Ryan, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is currently before the court on the Motion to Dismiss/Summary Judgment on Behalf of Tom Dailey (Doc. # 117). This case involves a complaint for damages filed by plaintiff against defendants City of Kansas City, Kansas (the "City"), police officers Richard Hartzfeld, James Porterfield and Patrick Ohler, individually, and Thomas Dailey, individually and in his capacity as chief of police, for various civil rights violations pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 and pendent state law claims. In an Order dated May 15, 1992, this court ruled on the motion for summary judgment filed by defendants City, Hartzfeld, Porterfield and Ohler. At the time the court ruled on the other defendants' motion for summary judgment, Dailey's motion to dismiss and for summary judgment was not ripe for adjudication by the court due to the fact that the time

period for Dailey's reply had not yet elapsed. Dailey's reply was received by the court on May 22, 1992, making the Dailey motion fully at issue before the court.

■ After consideration of the arguments and authorities presented by both parties in their briefs, and after a careful examination of the procedural record in this case, the court is prepared to rule on Dailey's motion. The court finds that plaintiff's third amended complaint, which added Dailey as a defendant in his individual capacity, does not relate back under the requirements of Fed.R.Civ.P. 15(c) as it existed at the time this action was filed. Therefore, plaintiff's claims against Dailey in his individual capacity shall be dismissed.

Dailey became chief of police of Kansas City, Kansas, in May of 1989. On November 10, 1989, the incident which is the subject of this lawsuit occurred. Plaintiff alleges that three officers of the Kansas City, Kansas Police Department used excessive force in effecting an arrest of plaintiff. Plaintiff also alleges that the City's policy of indifference in the supervision and discipline of officers proximately caused his injuries.

Plaintiff initially filed his action on December 6, 1990. On December 10, 1990, plaintiff filed his first amended complaint. The first amended complaint named Dailey as a defendant in the body of the pleading but not in the caption. There is no mention of Dailey in the first amended complaint other than the one paragraph in which Dailey is identified as a defendant. The first amended complaint contains no allegations of any actions taken by Dailey that contributed to plaintiff's alleged injuries. Plaintiff did not serve Dailey with notice of the complaint.

Plaintiff filed his second amended complaint on May 24, 1991. The purpose of the second amended complaint was to add Patrick Ohler as an individual defendant. Regarding Dailey, the second amended complaint was identical to the first amended complaint. Dailey was not listed as a defendant in the caption and there were no allegations of any actions taken by Dailey

that contributed to plaintiff's alleged injuries. Once again, plaintiff failed to serve Dailey with notice of the complaint.

On October 25, 1991, plaintiff moved to amend his complaint for a third time. Plaintiff sought to add Dailey as a defendant in the caption both in his individual capacity and in his official capacity as chief of police. However, even this proposed amended complaint failed to specify any actions taken by Dailey that contributed to plaintiff's alleged injuries. The magistrate denied plaintiff's motion to amend due to plaintiff's failure to comply with D.Kan. Rule 206(e), which requires that a motion to amend include a precise statement of the amendment sought to be allowed.

On November 15, 1991, plaintiff filed a motion to reconsider the magistrate's order denying plaintiff's motion to amend. In the motion to reconsider, plaintiff stated that he proposed to amend his complaint to add Dailey as a defendant in his individual capacity. Even at this late date, plaintiff proposed only to add Dailey as a defendant in the caption of the complaint, and continued to completely fail to allege in the body of the complaint any specific actions taken by Dailey that contributed to his alleged injuries.

On April 2, 1992, the magistrate granted plaintiff's motion to amend the complaint but made no specific finding that the amended complaint related back to the filing of the original complaint for statute of limitations purposes. Additionally, the magistrate specifically reserved consideration of defendant's arguments as to the merits of the claims against Dailey to this court.

On April 9, 1992, plaintiff filed his third amended complaint. The complaint included Dailey as a defendant in his individual and official capacities. Additionally, for the first time, the body of plaintiff's complaint contained references to Dailey. Dailey was added to those allegations of the complaint originally brought only against the City relating to the policy of indifference in the supervision and discipline of police officers. Plaintiff finally served a

copy of the third amended complaint on Dailey.

■ The federal civil rights statutes do not provide a specific statute of limitations. In *Garcia v. Wilson,* 731 F.2d 640 (10th Cir.1984), aff'd 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Tenth Circuit held that civil rights actions, such as those asserted by plaintiff in this case, should be characterized as violations of personal rights and the district courts should apply the similar state statute of limitations. In Kansas, K.S.A. 60–513(a)(4) provides for a two-year statute of limitations for an "injury to the rights of another." Therefore, the civil rights claims asserted by plaintiff are subject to a two-year statute of limitations period.

The question of whether the third amended complaint relates back to the original filing of the action for purposes of the action against Dailey individually is governed by Fed.R.Civ.P. 15(c) as it existed at the time the case was filed. The Rule states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

■ Under Rule 15(c) an amended complaint naming new parties will only relate back if each of the following three conditions are met: (1) the claims asserted in the amended pleading arise out of the conduct, transaction or occurrence set forth in the original pleading: (2) within the period provided by law for commencing the action against them, parties to be brought in have received such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new parties knew or should have known that, but for the mistake concerning the identity of the proper parties, the action would have been brought against them.

There is no question that the amended complaint relates to the same occurrence set forth in the previous complaints. Thus the primary focus is whether the second and third elements of Rule 15(c) have been complied with. After an examination of the facts of this case, the court finds that neither the second nor the third elements of Rule 15(c) have been complied with.

Plaintiff's theory of the case is that the City's policy of indifference in the supervision and discipline of officers proximately caused his injuries. Plaintiff additionally alleges that the police department conducted cursory reviews of excessive force complaints and that the City's policy of destroying records of excessive force complaints has fostered an atmosphere which results in an increased likelihood that excessive force will be used by officers.

It is apparent when reading the third amended complaint in conjunction with the plaintiff's response to Dailey's motion that plaintiff seeks to hold Dailey individually liable on plaintiff's civil rights claims on the theory that Dailey, in his supervisory position as chief of police, was responsible for and acquiesced in the City's policy of indifference in the supervision and discipline of officers, and that this policy proximately caused plaintiff's injuries. This theory may have been sufficient to bring a claim against Dailey individually if plaintiff had timely plead such a claim. *See Hinshaw v. Doffer,* 785 F.2d 1260 (5th Cir. 1986). However, plaintiff failed to properly join Dailey as a defendant until the filing of plaintiff's third amended complaint, which occurred after the limitations period had expired, and the Court finds that plaintiff's previous complaints do not meet the notice requirements of Rule 15(c) to cause

the third amended complaint to relate back. Therefore, plaintiff's complaint was not timely filed against Dailey in his individual capacity.

The Court finds that plaintiff's bringing an action against the City for a policy of indifference in the supervision and discipline of officers did not create sufficient notice to Dailey that plaintiff was also bringing an action against him in his individual capacity. The case against Dailey in his individual capacity differs from the case against the City. As proof of the City's policy of indifference, plaintiff's first and second amended complaints allege a series of incidents involving alleged use of excessive force by City police officers that extends from 1985 to the present. Dailey did not become chief of police until May of 1989. Plaintiff's alleged injury occurred in November of 1989. Therefore, the period from May to November 1989 is the only relevant time period to analyze Dailey's possible liability in an individual capacity for actions taken by Dailey which may have violated plaintiff's constitutional rights. Dailey was not chief of police during the majority of the period that plaintiff relies on to establish his policy of indifference in the supervision and discipline of officers against the City. The court finds that plaintiff's claim against the City as stated in plaintiff's first and second amended complaints did not give Dailey notice that Dailey would be held liable in his individual capacity when the majority of plaintiff's case against the City relies on incidents that occurred before Dailey became chief of police.

■ As to possible prejudice to defendants maintaining a defense on the merits, plaintiff's own inexcusable neglect is a proper consideration. *Bruce v. Smith*, 581 F.Supp. 902 (W.D.Va.1984). Throughout this case, plaintiff has followed a pattern of continually modifying his theories of liability and the identity of the named defendants. If plaintiff intended to bring an action against Dailey in his individual capacity, plaintiff should have made such claim in a timely fashion in his first or second amended complaints, including spe-

cific allegations of conduct by Dailey that caused injury to the plaintiff. Plaintiff failed to do this until the filing of his third amended complaint on April 9, 1992, which occurred only two months before the scheduled trial date on this matter and well after the statute of limitations period for bringing an action against Dailey had run. The court believes that even if Dailey had constructive notice of the action filed by plaintiff before the expiration of the limitations period, plaintiff's first and second amended complaints, which failed to allege any actions taken by Dailey in his individual capacity that contributed to plaintiff's alleged injuries, did not give Dailey sufficient notice of the action against him as required by Fed.R.Civ.P. 15(c). Therefore, the action against Dailey in his individual capacity is barred by the statute of limitations and Dailey is dismissed from this lawsuit in his individual capacity.

■ Although plaintiff is barred from bringing his claims against Dailey in his individual capacity, the court will allow plaintiff's civil rights claims against Dailey in his official capacity. A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same. *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 695 (10th Cir. 1988). Therefore, plaintiff's claims against the City and against Dailey in his official capacity are treated as one claim. This court has already determined in its Order dated May 15, 1992, that plaintiff's civil rights claims against the City will be allowed to proceed.

IT IS, THEREFORE, BY THE COURT ORDERED that the Motion to Dismiss/Summary Judgment on Behalf of Tom Dailey (Doc. # 117) will be granted in part and denied in part. All claims against Dailey in his individual capacity are dismissed. The civil rights claims against Dailey in his official capacity will proceed to trial.

IT IS SO ORDERED.

ON MOTION TO RECONSIDER

On June 15, 1992, the court held a hearing on the Motion to Reconsider (Doc.

#148) filed by defendants City of Kansas City, Kansas, et al. For the reasons set forth in the record, the court granted the motion concerning the state law claims against defendants Porterfield and Ohler and denied the motion in all other respects.

On the same date, the court also held a hearing on the motions in limine filed by the parties. The court's rulings were set forth in full on the record and the court finds that as of the date of this order, those motions (Docs. #139, 141, 142, 151, 152, 157, 162, 166 and 167) were all decided or are now moot.

IT IS SO ORDERED.