George B. BRODOCK, Plaintiff,

v.

KANSAS PAROLE BOARD, et al., Defendants.

No. 91–3368–S.

United States District Court, D. Kansas.

Sept. 18, 1992.

**186**

George Bruce Brodock, pro se.

Kristy L. Hiebert, Office of the Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis in this action. He claims his constitutional rights were violated during parole revocation proceedings and seeks damages and lost wages. Defendants have filed a *Martinez* report and Answer, which includes a request for dismissal of this action. Having examined the record, the court makes the following findings and order.

*Factual Background*

In 1982, plaintiff entered a guilty plea to one charge of indecent liberties with a child. He was sentenced to a term of three to ten years. Pursuant to an order issued by the Kansas Parole Board, plaintiff was conditionally released on May 19, 1988, to Topeka, Kansas.

On August 4, 1988, an arrest warrant was issued due to plaintiff's failure to comply with the conditions of his release. Plaintiff waived a preliminary hearing, and a revocation hearing was conducted in September 1988. At that hearing, plaintiff acknowledged commission of the violations. He was found guilty and returned to custody.

In June 1990, the Kansas Parole Board issued an order authorizing plaintiff's release on parole on or after June 11, 1990. Plaintiff was released subject to the conditions that he report as directed, obtain permission before leaving the parole district, and attend Alcoholics Anonymous.

On September 14, 1990, plaintiff's parole officer conducted a home visit and saw plaintiff's roommate in an intoxicated state. Because of plaintiff's history of substance abuse and related needs, his parole officer imposed a special condition requiring plaintiff to reside in a halfway house. Plaintiff was ordered to move to the Wichita Fellowship Club in Wichita, Kansas.

On November 7, 1990, plaintiff was discharged from the Wichita Fellowship Club for failure to pay the weekly rent of $20.00. Because of plaintiff's violation of the spe-

cial residential condition and due to his failure to seek employment as directed, he was given an opportunity to enter a diversion agreement, an arrangement which would enable him to avoid revocation proceedings. Plaintiff accepted the diversion offered, under which he was required to enter the Winfield Correctional Facility ("WCF"), complete a program on work ethics and mental health programs, and comply with recommended aftercare.

After entering WCF, plaintiff sought permission to transfer to Topeka to obtain in-patient drug treatment. Plaintiff's parole officer rejected this request and recommended a different drug treatment program.

Plaintiff was released from WCF in early February 1991. His release plan required him to complete sex offender treatment and a residential placement at Dodge House.

On June 4, 1991, plaintiff absconded from his parole. His whereabouts were unknown until his arrest in Shawnee County in September 1991. In early October, plaintiff received a statement from his parole officer charging him with parole violations for failing to report since June. A preliminary hearing was held on the charges on October 16, 1991, and plaintiff admitted failing to report. Due to the admission, a determination of probable cause was made. Plaintiff's final revocation hearing was held on November 6, 1991. Plaintiff again acknowledged committing the violation and was found guilty. Plaintiff is currently in custody at the Ellsworth Correctional Facility, Ellsworth, Kansas.

### Discussion

In this action, plaintiff asserts his due process rights were violated during parole revocation proceedings and further claims he was subjected to cruel and unusual punishment and false imprisonment by the actions taken by parole officials.

### Due process in revocation proceedings

■ It is settled that due process principles apply to parole revocation proceedings. In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),

the Supreme Court held that due process in this context requires (1) written notice of the alleged violations of parole; (2) disclosure to the parolee of the evidence against him; (3) the opportunity to be heard and present witnesses and evidence; (4) the right to cross-examine adverse witnesses, unless the hearing officer finds good cause to deny this; (5) a neutral and detached hearing body; and (6) a written statement of the decision and the evidence relied upon. *Id.* at 489, 92 S.Ct. at 2604.

■ First, to the extent plaintiff's complaint may be construed to challenge the 1988 parole revocation proceedings, the court finds his claims are time-barred. It is well settled in this district that a two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983. *Hamilton v. City of Overland Park*, 730 F.2d 613 (10th Cir.1984), *cert. denied*, 471 U.S. 1052, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985); *Garcia v. University of Kansas*, 702 F.2d 849 (10th Cir.1983). This limitations period is set forth at Kansas Statutes Annotated (K.S.A.) 60–513(a)(4), which provides a two-year limitations period for bringing an action for "an injury to the rights of another." While this statute is tolled for a person imprisoned for less than a life term, the tolling statute expressly states that "if a person imprisoned for any term has access to the court for purposes of bringing an action such person shall not be deemed to be under legal disability." K.S.A. 60–515(a). The court finds no evidence that plaintiff's access to the courts has been unduly limited by his incarceration and thus concludes the two year statutory limit is applicable here.

■ Next, the court finds the 1991 revocation proceedings afforded plaintiff adequate due process. The documents related to the preliminary hearing conducted on October 16, 1991, (*Martinez* report, Ex. 21–23) show plaintiff received a copy of the statement of charges and participated in a hearing attended by a parole officer. Plaintiff signed a checklist which reflects that he had adequate time to prepare for the hearing, was aware of the purpose of

the hearing and his rights at the hearing, and did not want to present witnesses. Both the hearing summary and the parole board action notice of November 6, 1991, reflect that plaintiff admitted he violated the terms of his parole agreement.

In light of these circumstances, the court finds no due process violations. It is evident plaintiff had an opportunity to hear and contest the state's charges against him. However, plaintiff did not contest the charges, he admitted his failure to comply with his parole plan. There is nothing in the record which reasonably suggests plaintiff sought to present information which was rejected or that he was in any way prevented from presenting a defense. The court finds no merit to his claim.

*Cruel and unusual punishment*

■ Plaintiff next asserts his constitutional right to be free from cruel and unusual punishment was violated by his placement in a halfway house and incarceration. The Eighth Amendment proscribes any punishment which violates contemporary standards of humanity and decency, and "which is repugnant to the conscience of mankind." *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 471, 67 S.Ct. 374, 380, 91 L.Ed. 422 (1947). *See also Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).

The court finds no merit to this claim. There was clearly reasonable ground for the decision to revoke parole, and plaintiff's challenge must fail. *See Morrissey*, 408 U.S. at 490, 92 S.Ct. at 2604. Further, the defendant parole officers, whose decisions led to the revocation proceedings, are entitled to qualified immunity from damages. *Russ v. Uppah*, 972 F.2d 300 (10th Cir.1992). The decisions made in this case were clearly reasonable under the circumstances, and, although plaintiff's return to incarceration was no doubt unpleasant, it is obvious he had failed to comply with the conditions of his release. His return to custody was attended by hearings in which he was afforded due process protections, and there is simply no merit to his claims for relief.

The court also rejects plaintiff's argument that his incarceration was "false imprisonment," a claim sounding in tort. The action taken to return plaintiff to custody was appropriate.

IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief denied.

The clerk of the court is directed to transmit copies of this Memorandum and Order to plaintiff and to counsel for defendants.