Heather JOHNSON

v.

David GOLDSTEIN, d/b/a and/or t/a Wayne Manor Apartments and d/b/a and/or t/a Lincoln Management Company and Irving Goldstein.

No. 93–CV–1524.

United States District Court, E.D. Pennsylvania.

April 28, 1994.

John R. Brown, Labrum and Doak, Philadelphia, PA, for plaintiff.

as if it were filed originally in federal court. 28 U.S.C. § 1447(a).

John J. O'Brien, O'Brien and O'Brien Associates, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

By way of the instant motion, the defendants in this civil personal injury action for the second time argue that they are entitled to the entry of summary judgment in their favor as a matter of law, this time on the basis of Pennsylvania's two-year statute of limitations. Like its predecessor, this motion is also denied for the reasons set forth in the paragraphs which follow.

## I. HISTORY OF THE CASE.

This case arose on July 13, 1991 when the plaintiff, Heather Johnson, was sexually assaulted and robbed by an unidentified criminal assailant in the bedroom of the apartment which she was renting at the Wayne Manor Apartment Complex in Philadelphia. From all indications, the plaintiff's assailant gained access to her apartment by scaling the fire tower located adjacent to her kitchen window and slicing through the window screen. Unlike most of the other apartments in her building which were equipped with security bars on those windows to which access was possible from either the ground or the fire tower, the plaintiff's windows were not so equipped and it is on the basis of this omission that plaintiff brought this lawsuit asserting that the defendants breached the duty of care which they voluntarily assumed to provide her with a secure apartment. Jurisdiction is premised upon the diverse citizenships of the parties inasmuch as Ms. Johnson is now a Maryland resident. The original complaint in this matter was filed on March 23, 1993 alleging that Wayne Manor Apartments and Lincoln Management Company were businesses organized and existing under Pennsylvania law, that Irving Goldstein was a Pennsylvania citizen and the owner of the Wayne Manor Apartments, and that all three defendants were at all relevant times engaged in the leasing and management of the subject apartment complex where plaintiff was injured. These defendants filed an answer to the complaint on April 14, 1993 admitting all of these allegations. The case proceeded into the discovery phase with the Court entering a Scheduling Order on July 14, 1993 setting a discovery deadline for October 12, 1993, a motions deadline for November 1, 1993 and directing that the matter enter the trial pool on November 22, 1993. On September 27, 1993, the defendants moved for leave to file an amended answer to the complaint pursuant to Fed.R.Civ.P. 15(a) and this motion was granted on October 19, 1993. The defendants thereafter filed an amended answer on November 2, 1993 denying that Irving Goldstein was the owner of the Wayne Manor Apartment Complex and apparently for the first time averring that Wayne Manor Apartments and Lincoln Management Company were merely the name and fictitious name respectively under which the apartments were operated. On February 17, 1994 counsel for the parties stipulated that the plaintiff could file an amended complaint and, on March 11, 1994 this amended complaint was filed to include David Goldstein as a party defendant doing business or trading · as Wayne Manor Apartments and/or trading as Lincoln Management Company. Defendants now contend that since Irving Goldstein does not own Wayne Manor Apartments and Lincoln Management Company, since those two entities have no independent or corporate status in that they are merely names under which David Goldstein does business and since David Goldstein was not made a party to this case until almost nine months after the two year statute of limitations expired, judgment must now be entered in their favor as a matter of law. We disagree.

## II. DISCUSSION.

This case is one which is squarely governed by the provisions of Fed.R.Civ.P. 15 and the policies underlying amendments to pleadings filed in the district courts.[1] That rule states, in relevant part:

---

1. Even when dealing with a state law claim, the question whether an amendment relates back to is one of federal law. *Advanced Power Systems,* *Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1455 n. 4 (E.D.Pa.1992) citing *Britt v. Arvanitis,*

**(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...

.     .     .     .     .

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.....

The liberal tenor of Rule 15 is reinforced by the often-recognized principle that the Federal Rules of Civil Procedure are to be liberally construed so as to effectuate the underlying goal that cases be tried on the merits wherever possible. *See Generally: Long v. Lipkins,* 96 F.R.D. 234 (E.D.Pa. 1983); *Ratcliffe v. Insurance Co. of North America,* 482 F.Supp. 759 (E.D.Pa.1980). The relation back provision of Rule 15(c) thus

590 F.2d 57, 60–61 (3rd Cir.1978); *Loudenslager*

permits a plaintiff who named the wrong party as defendant under certain circumstances to amend their complaint so as to name the proper party. *Haamid v. U.S. Postal Service,* 754 F.Supp. 54, 56 (E.D.Pa. 1991). *See Also: Daly v. U.S. Dept. of The Army,* 860 F.2d 592 (3rd Cir.1988); *Jordan v. Tapper,* 143 F.R.D. 567, 573–574 (D.N.J. 1992). Under Rule 15(c)(3) then, an amended complaint will only relate back if: (1) the claims asserted in the amended pleading arise out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against them, parties to be brought in have received such notice of the institution of the action that they will not be prejudiced in maintaining their defense on the merits; and (3) the new parties knew or should have known that, but for the mistake concerning the identity of the proper parties, the action would have been brought against them. *Saviour v. City of Kansas City, Kan.,* 793 F.Supp. 293, 296 (D.Kan.1992). It has further been stated that Rule 15(c)(3) does not require that the newly named party receive notice of the suit or become aware of the misidentification within the prescribed limitations period for the particular cause of action, but rather requires that the newly named party receive notice of the suit or become aware of the misidentification in the pleadings within the prescribed period for service of process—120 days after the filing of the original complaint according to Rule 4(m). *Hill v. U.S. Postal Service,* 961 F.2d 153, 155 (11th Cir.1992).

The notice requirement has been held to be the "critical element" in deciding whether an amendment relates back, even in the context of additional parties. *Advanced Power Systems, Inc. v. Hi–Tech Systems, Inc.,* 801 F.Supp. 1450, 1456 (E.D.Pa.1992). The conclusion of a growing number of courts and commentators is that to be effective under Rule 15(c), notice need not be formal and thus sufficient notice may be deemed to have occurred where a party who has some reason to expect his potential involvement hears of the commencement of litigation through some informal means. *Id.; Kinnally v. Bell*

*v. Teeple,* 466 F.2d 249, 250 (3rd Cir.1972).

*of Pennsylvania,* 748 F.Supp. 1136, 1141 (E.D.Pa.1990). The notice and mistake elements are particularly intertwined when there is a close relationship between the original party and the party to be added because failure to join the connected party is more immediately recognizable as error. *Advanced Power Systems,* at 1457. Therefore, courts have generally held that the mistake condition is satisfied when the original party and the added party have a close identity of interests. *Id.,* quoting *Sounds Express Int'l, Ltd. v. American Themes and Tapes, Inc.,* 101 F.R.D. 694, 697 (S.D.N.Y. 1984). Indeed, when a corporate entity is named in a complaint, those who own it or run its day-to-day business are typically deemed to have received constructive notice of the action. *Id.,* at 1456, citing *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253 (11th Cir.1983) and *Seber v. Daniels Transfer Co.,* 618 F.Supp. 1311 (W.D.Pa.1985).

■ Viewing the matter now before us in light of the preceding principles, we find that the plaintiff's amended complaint is virtually identical to her original pleading in terms of the claims raised and the facts averred with the exception that David Goldstein is now a named party and is alleged to be "an adult individual doing business as and trading as Wayne Manor Apartments and/or Lincoln Management Company." There is thus no question but that the claims asserted in the amended complaint arise out of the same occurrence or transaction as those presented in the original complaint.

The record evidence and docket entries in this case also clearly reflect that David Goldstein has had notice of this lawsuit since its inception inasmuch as his assistant, Judy Sasse, accepted service of the original complaint in this action on March 25, 1993 and Mr. Goldstein himself answered the interrogatories which plaintiff propounded in August, 1993 and was deposed on behalf of the defendants in November, 1993 and February, 1994. Mr. Goldstein has described himself in his responses to the plaintiff's discovery requests as the sole proprietor and operator of the Wayne Manor Apartments and it was he who signed the lease agreement which the plaintiff and her roommate entered into with Wayne Manor Apartments on April 29, 1991. We are therefore unable to find that Mr. Goldstein would suffer any prejudice by the relation back of the amended complaint to the date of filing of the original complaint.

Finally, as is particularly evidenced by the answer which was originally filed in this matter on behalf of the defendants in which they admitted the plaintiff's allegations concerning their identities and ownership, a very close identity of interests exists between David Goldstein and Wayne Manor Apartments and/or Lincoln Management Company such that it is self-evident that Mr. Goldstein knew that but for the plaintiff's error (and the defendants' concealment of that error) he also would have been named as a defendant in the initial complaint. We thus conclude that all three of the requirements set forth in Fed.R.Civ.P. 15(c)(3) have been met here and that the amendments made in plaintiff's amended complaint relate back to the date of the filing of her original complaint.

■ Moreover, as exhibit "f" to the plaintiff's answer to the instant summary judgment motion indicates, there exists a material issue of fact as to whether or not Irving Goldstein, in partnership with his son David Goldstein, still has an interest in the Wayne Manor Apartment complex. Exhibit "f" is an affidavit from a private investigator with Independent Research Group, Inc., which states that the records in the Philadelphia County Recorder of Deeds and Tax Assessment offices all suggest that the listed owner of the complex property located at 6200–6208 Wayne Avenue in Philadelphia is Irving Goldstein and David Goldstein.

Accordingly, and for all of the reasons enumerated above, we cannot find that the plaintiff's claims are barred by the two-year statute of limitations for negligence claims established under Pennsylvania law or that the defendants are now entitled to the entry of summary judgment in their favor as a matter of law. An appropriate order follows.

### ORDER

AND NOW, this 28th day of April, 1994, upon consideration of Defendants' Motion for Summary Judgment, it is hereby OR-

DERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum.