**Donald GEE, Plaintiff,**

v.

**John DUNCANSON, et al., Defendants.**

**No. 92–3002–DES.**

United States District Court,
D. Kansas.

Nov. 10, 1994.

Donald Gee, pro se.

David C. VanParys, County Counselor, Leavenworth, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a person incarcerated in the Leavenworth County, Kansas, jail where he was temporarily detained while his extradition proceeding was being carried out. Plaintiff asks for money damages.

The statement of uncontroverted facts which are a part of defendants' memorandum in support of defendants' motion for summary judgment are incorporated and made a part of this memorandum and order by reference.

**THE COURT FINDS THAT ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE OPERATION OF THE STATUTE OF LIMITATIONS.**

 Plaintiff initiated this action by way of complaint pursuant to 42 U.S.C. § 1983, that complaint being filed on February 10, 1992. The appropriate statute of limitations for actions under 42 U.S.C. § 1983 arising in Kansas is two years. *Johnson v. Johnson County Commissioners Board,* 925 F.2d 1299 (D.Kan.1992); *Brodock v. Kansas Parole Board,* 804 F.Supp. 185 (D.Kan.1992); *Saviour v. City of Kansas City, Kansas,* 793 F.Supp. 293 (D.Kan.1992); *see also* K.S.A. 60–513(a)(4). While plaintiff alleges some ongoing damage by way of his status as a lock-down prisoner in the state of Wyoming, that lock-down status allegedly arising from the transfer of allegedly invalid disciplinary records from the Leavenworth County jail in the state of Wyoming. This court finds from the records before it that the Kansas officials were obligated to give the Wyoming officials the information that plaintiff was a problem prisoner for their protection. This in no way continues a claim against these defendants after plaintiff left the custody of the Kansas officials.

This closes this case. However, as to the claim of illegal deprivation of legal documents, this court finds that defendants' defense of *res judicata* is valid. *See Gee v. Duncanson, et al.,* No. 92–3315, United States Court of Appeals, 10th Circuit, unpublished, May 26, 1993. A copy of which is attached to defendants' memorandum in support of defendants' motion for summary judgment in this case.

In addition to the above, this court finds that plaintiff's other four claims are not well supported factually, are conclusory and do not allege prejudice against the plaintiff and consequently allege no cause of action against these defendants.

This court does not require oral argument to decide this case.

Based on the above, this court finds that defendants' motion for summary judgment herein should be granted.

**BY THE COURT IT IS SO ORDERED.**