**Lynwood A. CROFT, Plaintiff–Appellant,**

v.

**Robert C. HARDER, Secretary, Social and Rehabilitation Services, Gerald T. Hannah, Commissioner, Mental Health & Retardation Services, George W. Getz, Superintendent, Larned State Hospital, Hildreth Hultine, St. Joseph Hospital, Larned State Security Hospital, Defendants–Appellees.**

No. 90–3036.

United States Court of Appeals, Tenth Circuit.

March 13, 1991.

Lynwood A. Croft, pro se.

Michael George, Associate General Counsel, Chief of Litigation, Dept. of Social and Rehabilitation Services, Topeka, Kan., for defendants-appellees.

Before McKAY, SEYMOUR, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

Plaintiff-appellant Lynwood A. Croft brought this action seeking monetary damages against several individual defendants and Larned State Security Hospital for al-leged violations of various constitutional rights during his confinement in Larned State Hospital and Larned State Security Hospital from August 26, 1982, through December 10, 1984. Following Croft's motion to amend his complaint and defendants' joint motion for summary judgment, the district court granted Croft's motion in part but granted defendants' motion for summary judgment on all claims. 730 F.Supp. 342. Croft subsequently filed a motion for reconsideration which the district court denied. Croft's timely notice of appeal followed.[1]

■ Although it is unclear from his briefs which issues Croft contends were wrongly decided, we liberally interpret his pro se appeal to challenge all issues presented below, as required by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *Tucker v. Makowski*, 883 F.2d 877, 878 (10th Cir.1989). Our standard of review is de novo; we apply the same standard as the district court on summary judgment: whether any genuine issue of material fact is in dispute, and, if not, whether the moving party should prevail as a matter of law. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

■ We agree with the district court that the eleventh amendment bars this section 1983 suit against Larned State Security Hospital and against the individual defendants in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–67, 70–71, 109 S.Ct. 2304, 2309, 2311, 105 L.Ed.2d 45 (1989). Following our review of the record and appellate briefs, we conclude that the individual defendants are shielded from liability by qualified immunity. Accordingly, we also affirm the district court's denial of plaintiff's motion to amend his complaint to add pendent state law claims. Because we affirm on the basis of immunity, we need not reach the other grounds discussed in the district court's memorandum and order dated No-

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

vember 3, 1989. The judgment of the United States District Court for the District of Kansas is AFFIRMED.