1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George Bruce BRODOCK, Plaintiff-Appellant,
v.
KANSAS PAROLE BOARD; Kansas Secretary of Corrections;
Randy Kaufman; Michael Straight; Warren Barry;
Janet Valente Pepe, Defendants-Appellees.
 No. 92-3367.
 United States Court of Appeals, Tenth Circuit.
 July 22, 1993.
 
 Before LOGAN and BRORBY, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant George Bruce Brodock, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. Sec. 1983, alleging violations of his rights in connection with the conditions and revocation of his parole. Background facts are contained in the district court's opinion, Brodock v. Kansas Parole Bd., 804 F.Supp. 185, 186-87 (D.Kan.1992). In short, Mr. Brodock was paroled in May 1988 but was returned to custody in September 1988 for violations of parole conditions. He was paroled again in June 1990 but again reincarcerated in November 1991 for more parole violations. In his complaint, he alleged that in requiring him to stay in certain facilities during his parole and eventually revoking his parole in 1988 and again in 1991, defendants violated his due process rights and subjected him to cruel and unusual punishment and to false imprisonment.
 
 
 3
 The district court ordered defendants to prepare a Martinez report. See Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.1978). Defendants attached their Martinez report to their answer, which also requested dismissal of the complaint for failure to state a claim. The district court granted that request. In doing so, it relied heavily on the factual information contained in the Martinez report. Prior to ordering dismissal of the complaint, the district court did not give Mr. Brodock an opportunity to respond to the Martinez report.
 
 
 4
 As in many cases involving pro se prisoners' civil rights claims, it was appropriate for the district court to order preparation of the Martinez report to elucidate Mr. Brodock's inartfully drafted complaint. See Ketchum v. Cruz, 961 F.2d 916, 920 and n. 3 (10th Cir.1992). However, it was not appropriate for the district court to have relied on the factual assertions in the report in granting defendants' motion to dismiss. If a court considers factual matters outside the complaint, it should treat the motion as one for summary judgment. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991); Fed.R.Civ.P. 12(b). When that happens, the court must notify the opposing party of the changed status of the motion and give that party an opportunity to present all information pertinent to the summary judgment motion. Miller, 948 F.2d at 1565. In this case, the district court did not notify Mr. Brodock that it was relying on the Martinez report prior to dismissing the complaint. Its failure to do so is reversible error. See id.
 
 
 5
 Though the district court improperly considered matters outside the complaint, "we still must exercise de novo review and determine whether the complaint states a valid claim for relief." Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992); see also Miller, 948 F.2d at 1566. In doing so, we take all factual assertions as true, and will not dismiss a complaint unless it appears that the plaintiff cannot prove facts entitling him to relief. Miller, 948 F.2d at 1565.
 
 
 6
 Mr. Brodock's complaint is founded in part on parole revocation proceedings and related activities that occurred in 1988. As the district court noted, Sec. 1983 actions arising in Kansas are subject to a two-year statute of limitations. See Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). Mr. Brodock did not file his complaint until December 1991. We thus agree with the district court that to the extent his claims arise out of the 1988 activities, they are time-barred.
 
 
 7
 Mr. Brodock's claim of cruel and unusual punishment is based in part on defendants' requiring him to stay in certain facilities and in certain localities during his parole. We are not aware of any authority under which a parolee has a constitutional right to stay in certain facilities or where he pleases during his parole. Cf. Hewitt v. Helms, 459 U.S. 460, 467-68 (1983) (no constitutional right to parole or to be confined to a particular facility). Therefore, to the extent Mr. Brodock's cruel and unusual punishment claim is based on an asserted right to stay where he wanted to during his parole, he fails to state a claim on which relief can be granted.
 
 
 8
 Mr. Brodock has asserted claims against the Kansas Parole Board, the Kansas Secretary of Corrections, and various employees of the state corrections department. It is unclear whether Mr. Brodock is suing the employees in their official or personal capacities, but construing his complaint liberally, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), we will interpret it as suing these employees in both capacities. Suits against state employees in their official capacities are suits against the state. See Greiss v. Colorado, 841 F.2d 1042, 1045 (10th Cir.1988). Thus, Mr. Brodock's claims against the employees in their official capacities and against the state parole board and Secretary of Corrections are barred by the Eleventh Amendment. See Croft v. Harder, 927 F.2d 1163, 1164 (10th Cir.1991). The district court determined that the employees were entitled to qualified immunity from the claims against them in their individual capacities. Though the facts may ultimately show that to be the case, entitlement to qualified immunity usually cannot be determined solely from review of the complaint; the employees are not entitled to qualified immunity based solely on Mr. Brodock's complaint.
 
 
 9
 The judgment of the United States District Court for the District of Kansas is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Clarence A. Brimmer, United States District Judge for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3