13 F.3d 408
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Randall ZIEGLER, Plaintiff-Appellant,
v.
Carl B. HAMM, Member; Jari Askins; Carolyn Crump; Marzee
Douglas; Ferrell Hatch; Oklahoma Pardon and
Parole Board; Vickie Champion, Parole
Investigator, Defendants-Appellees.
 No. 93-6104.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Robert Randall Ziegler appeals from the district court's ruling in favor of defendants, the Oklahoma Pardon and Parole Board (the Board), individual board members, and a board investigator. Ziegler brought suit against defendants pursuant to 42 U.S.C.1983, alleging violations of his constitutional rights to due process and equal protection of the laws in connection with proceedings before the Board. The district court ordered a special report, pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978)(the Martinez report). Defendants filed a motion to dismiss, based on Fed.R.Civ.P. 12(b)(6) and 28 U.S.C.1915(d), and Ziegler responded. The magistrate judge issued his report, recommending that the district court grant the motion to dismiss. Ziegler filed objections to the magistrate's report. The district court ruled in defendants' favor, converting the motion to dismiss into a motion for summary judgment. Ziegler now appeals.
 
 
 4
 Although the district court nominally granted summary judgment to defendants, it is clear that the district court was adopting the magistrate's analysis which concluded that Ziegler's complaint failed to state claims for relief. Initially, therefore, we review the court's conclusion that Ziegler failed to state claims for relief pursuant to the standards normally afforded a disposition pursuant to Rule 12(b)(6).[2] That is,
 
 
 5
 "[w]e review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. Allegations in the plaintiff's complaint are presumed true. The complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief."
 
 
 6
 Swoboda v. Dubach, 992 F.2d 286, 289 (10th Cir.1993)(quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991)(citations omitted)). Finally, we construe Ziegler's pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972); Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.1992).
 
 
 7
 Ziegler was considered for parole in 1991. After investigation, defendant Champion recommended that he be paroled to his next consecutive sentence, which recommendation the Board adopted. The Board then received a letter from the Tulsa County District Attorney requesting that the Board's recommendation be reconsidered. A special review hearing was held, at which the crime victim appeared. The Board decided to deny Ziegler a recommendation for parole. Ziegler alleges that, while he was able to present evidence of his innocence at the first hearing, he was denied that opportunity at the special review session. Ziegler then brought a civil rights suit against defendants. Ziegler's complaint alleged claims against the Board and against certain named board officials, in both their individual and official capacities. His complaint requested money damages, and injunctive and declaratory relief. We can affirm the district court's dismissal of most of Ziegler's claims without examining the substance of his allegations.
 
 
 8
 We agree with the district court that Ziegler's allegations against the Board and the named individuals in their official capacities fail to state claims under 1983 because neither the Board nor the individual defendants in their official capacities are "persons" for purposes of 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Croft v. Harder, 927 F.2d 1163, 1164 (10th Cir.1991). This protection flows from the state's Eleventh Amendment immunity. See Will, 491 U.S. at 66.
 
 
 9
 We also agree with the district court that Ziegler's claims for money damages against the board members in their individual capacities must be dismissed because they are absolutely immune from suit. See Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992); Knoll v. Webster, 838 F.2d 450, 451 (10th Cir.1988). Using the "functional approach" analysis applied to absolute immunity determinations in this circuit, see Mee v. Ortega, 967 F.2d 423, 426 (10th Cir.1992); Russ, 972 F.2d at 303, we specifically affirm the district court's ruling that the board investigator, Vickie Champion, has absolute immunity under the facts of this case. Her conduct in investigating, compiling information, and making recommendations to the Board is "intimately associated" with the Board's official function. See Tripati v. INS, 784 F.2d 345, 348 (10th Cir.1986), cert. denied, 484 U.S. 1028 (1988).[3]
 
 
 10
 Like the district court, we conclude, however, that Ziegler's claims for injunctive and declaratory relief survive both the individual defendants' Eleventh Amendment immunity, see Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1519 n.1 (10th Cir.1992), and their absolute immunity, See Russ, 972 F.2d at 302 n.4 (citing Pulliam v. Allen, 466 U.S. 522, 541-42 (1984)). This is so even where the activities complained of fall within the scope of defendants' official duties. See Hafer v. Melo, 112 S.Ct. 358, 363-64 (1991). Therefore, we must proceed to review Ziegler's allegations against the named board members.
 
 
 11
 Ziegler's complaint alleged that the Board refused to consider him for a pardon, refused to allow him to present evidence of his innocence at his parole hearing, and denied him an impartial investigation. He contended that various individual defendants conspired to prevent him from being considered for a pardon, and that board member Jari Askins defamed and slandered him during a radio show. He claimed that defendants' conduct was retaliatory, motivated by his involvement and success in previous civil rights suits against prison officials and because certain individual defendants were acquainted with the crime victim and her son. Ziegler concluded that defendants' conduct amounted to a violation of his due process and equal protection rights.
 
 
 12
 The district court rejected Ziegler's claims, including his retaliation claim, in large part because it concluded he has no constitutional right to parole or to be considered for a pardon. We agree. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).[4] Nonetheless, we conclude that Ziegler's allegations state a separate claim for retaliation under 1983. That claim is not dependent upon the constitutionality of defendants' conduct absent retaliation; it is an independent due process claim based on Ziegler's right of access to the courts. See Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir.1990). Therefore, even without an independent constitutional right to be considered for parole or pardon, Ziegler's allegations state a cognizable 1983 claim.[5]
 
 
 13
 Because we conclude that Ziegler's complaint states a claim for retaliation, we turn to the district court's conversion of defendants' motion to dismiss into a motion for summary judgment. The district court did so "in an abundance of caution," Rec. vol. I, doc. 24 at 10, because it concluded that the court's reference to the Martinez report required conversion under Rule 12. Although Ziegler was not notified formally of the conversion, the district court concluded that the notice requirements of Rule 12 had been met because Ziegler had responded to defendants' motion with affidavits. Without deciding whether the district court's sua sponte conversion was proper under the facts of this case and where plaintiff is a pro se prisoner,[6] or whether conversion was necessary under Rule 12, see Hall v. Bellmon, 935 F.2d 1106, 1112-13 (10th Cir.1991)(portions of a Martinez report may be treated as part of a plaintiff's complaint); McKinney v. Maynard, 952 F.2d 350, 353 n.8 (10th Cir.1991)(uncontroverted Martinez report may support Rule 12(b)(6) dismissal), we conclude that the court's nominal grant of summary judgment to defendants did not properly dispose of Ziegler's retaliation claim. The district court did not determine that the material facts were undisputed and, viewing the evidence in a light most favorable to Ziegler, did not determine whether defendants should prevail as a matter of law. Therefore, we remand this remaining claim to the district court for that analysis.[7]
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Even had the district court ruled for defendants following a summary judgment analysis, this court can affirm for reasons other than those relied on by the district court, where those reasons find support in the record. Swoboda v. Dubach, 992 F.2d 286, 291 (10th Cir.1993)(citing Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988))
 
 
 [3]
 Ziegler has challenged the district court's grant of immunity, alleging that certain conduct of defendants falls outside of their official duties. Specifically, he alleged that certain defendants conspired to deny him consideration for a pardon, and that board member Jari Askins slandered and defamed Ziegler during a radio show. Ziegler's claims of conspiracy fail to state a claim for relief because Ziegler has not alleged specific facts which, taken as true, would support a finding that defendants agreed and took concerted action together. See Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989). As for the claim concerning the radio show, Ziegler has not identified, or by his factual allegations somehow indicated, how any constitutional right was infringed by this conduct. Therefore, these allegations fail to state a claim under 1983. See Swoboda, 992 F.2d at 290
 
 
 [4]
 Ziegler's response to defendants' motion to dismiss makes it clear that he does not seek parole or even consideration for parole. Rec. vol. I, doc. 20 at 5
 
 
 [5]
 The district court dismissed Ziegler's equal protection claims because it concluded he had failed to allege that he was a member of an identifiable group. We agree with this analysis, but we note that it appears from Ziegler's pleadings that he was attempting to establish his retaliation claim on an equal protection basis, following case law from other circuits. See Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir.1990); Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1113-14 (5th Cir.1987)
 
 
 [6]
 Compare Jackson v. Integra, Inc., 952 F.2d 1260, 1261 (10th Cir.1991)(failure to inform plaintiff that motion would be treated as one for summary judgment and to give plaintiff ten days to gather evidence to demonstrate the existence of a disputed issue of material fact constituted error requiring reversal) and Childers v. Independent Sch. Dist. No. 1, 676 F.2d 1338, 1340 (10th Cir.1982)(notice requirements of Rule 56(c) mandatory; noncompliance deprives court of authority to grant summary judgment) with Nichols v. United States, 796 F.2d 361, 364 (10th Cir.1986)(failure to give notice not reversible error where party responded to motion with sworn affidavits); and Prospero Assocs. v. Burroughs Corp., 714 F.2d 1022, 1024-25 (10th Cir.1983)(conversion without notice acceptable where court reasonably believed nonmovant treated motion as one for summary judgment and waived right to formal notice); see also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)(sua sponte grant of summary judgment allowed "so long as the losing party was on notice that [he] had to come forward with all of [his] evidence")
 
 
 [7]
 As a general rule, we will not decide an issue not passed on by the district court. Workman v. Jordan, 958 F.2d 332, 337 (10th Cir.1992)