**Chester RUSS, Plaintiff–Appellant,**

v.

**Paul UPPAH, Rod Cozzetto, and John R. Enright, Defendants–Appellees.**

**No. 92–1011.**

United States Court of Appeals, Tenth Circuit.

June 19, 1992.

Publication ordered July 29, 1992.

Chester Russ, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Arnold, Deputy Atty. Gen., Gregg E. Kay, First Asst. Atty. Gen., and George S. Meyer, Asst. Atty. Gen., Tort Litigation Section, State of Colo., Denver, Colo., for defendants–appellees.

Before LOGAN, Circuit Judge, BARRETT, Senior Circuit Judge, and EBEL, Circuit Judge.

EBEL, Circuit Judge.

Appellant Chester Russ appeals the district court's dismissal of his action filed under 42 U.S.C. § 1983 against his parole officer and two members of his parole board.[1] The district court dismissed the suit for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it held that the defendants had absolute immunity for their actions. We agree with the district court as to two

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

of the appellees. We disagree, however, in regard to the third appellee, who we conclude had only qualified immunity. We therefore affirm in part and reverse and remand in part.

The appellant is currently an inmate in a Colorado state prison. The appellant was paroled in November 1988, but had his parole revoked in August 1990 for a parole violation. Specifically, a member of the parole board found that the appellant had associated with a person with a criminal record in violation of his parole agreement.

According to the appellees, the circumstances leading up to the parole revocation were as follows. Police observed the appellant at a suspected crack house. After obtaining a search warrant, the police searched the premises and discovered a quantity of crack cocaine. The police arrested the appellant and a woman, Shannon Lenox, who had been convicted previously of loitering. The appellant asserts that he had just met Lenox and did not know she had a criminal record. The appellant was not charged with a crime.

The appellant's parole officer, Paul Upah,[2] investigated the case and recommended at a parole revocation hearing that parole be revoked. The parole board member conducting the hearing agreed and accordingly revoked the appellant's parole. The appellant asserts that both Upah and the board member knew that the association charge was false, i.e., that the appellant had just met Lenox. The appellant also implies that racial animus spurred these actions.

The appellant then brought this action under 42 U.S.C. § 1983 against Upah; Rod Cozzetto[3], the parole board member who conducted the appellant's parole revocation hearing; and John Enright, the parole board chairman. Alleging due process and equal protection violations, the appellant sought money damages against each defendant. In addition, the appellant sought certain injunctive relief: that the court order a *Martinez* report, that the court order the appellant's release, that the "Commission on Parole Guidelines be commissioned to investigate the constant problem of racial discrimination being undertaken by the Parole Board, Parole Officers and the whole Department of Corrections," and that the court order the production of the tape recording of the parole revocation hearing. The district court referred the matter to a magistrate, who recommended that the complaint be dismissed because parole board members have absolute immunity for parole decisions. After considering the appellant's objections, the district court accepted the magistrate's recommendation and dismissed the complaint.[4]

In response, the appellant brought the instant appeal challenging the appellees' immunity. In substance, the appellant argues that the Supreme Court held, in its recent decision of *Hafer v. Melo*, —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), that state officials have no immunity from suit when sued in their personal capacities. The appellant has confused Eleventh Amendment immunity with personal immunity. See *Hafer*, —— U.S. at ——, 112 S.Ct. at 364–65. The Eleventh Amendment prohibits federal courts from exercising jurisdiction over suits involving a citizen seeking damages from a state, except where Congress has specifically granted jurisdiction. See generally John E. Nowak & Ronald D. Rotunda, *Constitutional Law* § 2.11 (4th ed. 1991). Personal immunities,

---

**2.** The appellant apparently misspelled Upah's name upon filing his initial complaint, leading to the error in spelling in the case caption.

**3.** This appellee's name is elsewhere spelled "Cozetto." We do not know which is the correct spelling.

**4.** Under *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984), injunctive relief remains available despite judicial immunity. However, in this case, the appellant could not obtain any of the relief sought. The requests for the *Martinez* report and the tape of the hearing both dealt more with matters of discovery than with matters of injunctive relief. The request regarding the Commission on Parole Guidelines asked for injunctive relief against an entity that was not a party to the suit. Finally, the request for release involved relief obtainable only through a petition for habeas corpus. See *Herrera v. Harkins,* 949 F.2d 1096, 1097–98 (10th Cir.1991).

on the other hand, are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from "proper performance of their duties." *Forrester v. White*, 484 U.S. 219, 223, 225, 108 S.Ct. 538, 542, 543, 98 L.Ed.2d 555 (1988). For example, judges and others performing judicial or "quasi-judicial" functions enjoy absolute immunity from monetary damages for a limited scope of actions. *See id.* at 225–29, 108 S.Ct. at 543–45; *Valdez v. City & County of Denver*, 878 F.2d 1285, 1287–88 (10th Cir.1989). In addition, all governmental officials performing discretionary functions have a "qualified" immunity from "civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). These personal immunities are entirely distinct from Eleventh Amendment immunity, the immunity discussed in *Hafer*.

 The Court in *Hafer* addressed whether state officials had Eleventh Amendment immunity for actions performed as part of their official duties. In enacting section 1983, Congress did not intend to abrogate Eleventh Amendment immunity and grant jurisdiction to seek damages against a state. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979). As pointed out in *Hafer*, suits against state officials in their official capacity are in essence suits against the state. *Hafer*, —— U.S. at ——, 112 S.Ct. at 362. Therefore, the Eleventh Amendment bars damages sought against state officials sued in their official capacity. However, state officials may nonetheless be sued in their individual capacities for actions performed in the course of their official duties and are personally liable for damages awarded. *Id.* at ——, 112 S.Ct. at 365. Thus, the appellees in the instant case have no immunity from suit solely because of their status as state officials.

 The two parole board members do have personal immunity, however. In *Knoll v. Webster*, 838 F.2d 450 (10th Cir.

1988) (per curiam), we held that members of a parole board have absolute immunity "from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." *Id.* at 451. The actions of which the appellant complains clearly fall into this category. Damages simply are not available against parole board members under these circumstances.

[9] The appellant's parole officer, Paul Upah, is not a member of the parole board, however. The district court apparently overlooked this fact when it dismissed the case. In deciding to which type of immunity Upah is entitled, we must employ a "functional" approach. *See Valdez*, 878 F.2d at 1287. When performing functions that are "quasi-judicial" in nature, *see, e.g., Tripati v. INS*, 784 F.2d 345, 347–48 (10th Cir.1986) (per curiam), *cert. denied*, 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 767 (1988), Upah is entitled to absolute immunity. However, "decisions involving the revocation of probation or parole by a probation or parole officer warrant only qualified, not absolute, immunity." *Snell v. Tunnell*, 920 F.2d 673, 692 n. 18 (10th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991); *see also Mee v. Ortega*, 967 F.2d 423, 427 (10th Cir. June 18, 1992); 1 Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation: Claims, Defenses, and Fees* § 9.6 (2d ed. 1991). Thus, Upah is entitled to only qualified immunity for at least some of his actions.

 The appellant's allegations, while somewhat vague, are specific enough to survive Rule 12(b)(6), and, if necessary, the district court should provide the appellant the opportunity to amend his complaint in order to state his allegations with greater particularity. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126–27 (10th Cir.1990). In essence, the appellant alleges that Upah intentionally had the appellant held without charge and then presented false information in order to have the appellant's parole revoked. If these allegations were true, qualified immunity would not protect Upah. While the appellant may not be able to

prove these allegations, it was error to dismiss the complaint against Upah at this stage in the proceedings.

Accordingly, we AFFIRM the district court's dismissal of the complaint against appellees Cozzetto and Enright. We REVERSE and REMAND in regard to appellee Upah for proceedings not inconsistent with this Opinion.