2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Derrick R. PARKHURST, Plaintiff-Appellant,
v.
Harry LEIMBACK, District Judge, Wyoming District Court,
Natrona County, Seventh Judicial District; Kevin
P. Meenan, District Attorney, Natrona
County, Wyoming, Defendants-Appellees.
 No. 93-8017.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Derrick R. Parkhurst, an inmate of the Wyoming State Penitentiary, appearing pro se, appeals from the district court's orders denying his motion to proceed in forma pauperis to prosecute his civil complaint against the defendants, Harry E. Leimback, District Judge, Seventh Judicial District, State of Wyoming, and Kevin P. Meenan, Natrona County District Attorney, wherein appellant alleged that each defendant, in his official capacity, failed and refused to permit certain civil proceedings and/or refused to perform official duties of their respective offices in relation to a civil action filed by appellant against his brother, Darrell R. Parkhurst, in the district court, Natrona County, Seventh Judicial District. Appellant filed this action pursuant to 18 U.S.C. Sec. 1961, et seq., Racketeer Influenced and Corrupt Organizations (RICO).
 
 
 3
 The district court entered an order denying Parkhurst's motion to proceed in forma pauperis, finding that he had sufficient funds to pay the $120.00 filing fee. (R., Vol. I, Tab 3). Parkhurst had previously filed an affidavit showing that he had cash assets of $164.25 and that he earned a $30.00 monthly salary. Following the district court's order, Parkhurst filed a second motion to proceed in forma pauperis, stating that he then had cash assets of $95.59 and a monthly income of $30.00. The district court also denied this motion. Id. at Tab 5.
 
 
 4
 On appeal, Parkhurst contends that the district court abused its discretion twice in denying his motions to proceed in forma pauperis. We shall not address this contention because we hold that Parkhurst's complaint is patently frivolous under 28 U.S.C. Sec. 1915(b) and that it does not state a claim under Fed.R.Civ.P. 12(b)(6). Accordingly, we remand with instruction that the district court dismiss Parkhurst's complaint.
 
 
 5
 Parkhurst sought "an award of threefold the damages suffered plus interest, in an amount not yet ascertained, together with costs and attorney's fees" and such other relief as the court deemed just and proper. (R., Vol. I, Tab 1, pp. 11-12).
 
 
 6
 Our affirmance need not be based on the grounds relied upon by the district court. It may be based on correct grounds which find sufficient support in the record to permit that conclusion of law. Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988). See also, Seibert v. University of Oklahoma, 867 F.2d 591, 597 (10th Cir.1989); Colorado Flying Academy, Inc. v. United States, 724 F.2d 871, 880 (10th Cir.1984), cert. denied, 476 U.S. 1182 (1986).
 
 
 7
 A court may dismiss a complaint as patently frivolous or malicious under 28 U.S.C. Sec. 1915(b) if it is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Furthermore, a complaint is properly dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 8
 Construing Parkhurst's pro se complaint liberally, see Haines v. Kerner, 404 U.S. 519 (1972), we are satisfied that each and every act Parkhurst alleges that the defendants took or failed to take occurred in their official capacities as district judge and prosecutor. A judge is absolutely immune while acting in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349 (1978); Butz v. Economou, 438 U.S. 478, 508-09 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Russ v. Uppah, 972 F.2d 300 (10th Cir.1992). And, a state prosecutor has absolute immunity for the initiation and pursuit of a criminal prosecution and functions required of a prosecutor. Burns v. Reed, --- U.S. ----, S.Ct. 1934 (1991); Imbler v. Pachtman, 424 U.S. 409 (1976).
 
 
 9
 We recognize that in Burns the Supreme Court delineated certain conduct which, if undertaken by a prosecutor, stripped him of absolute immunity, specifically a prosecutor's legal advice to the police at the investigative stage and a prosecutor's participation in the investigative process. This, the court held, was not sufficiently linked to the judicial process to warrant absolute immunity.
 
 
 10
 In the instant case, each and every allegation posited by Parkhurst against appellees involves acts within their official capacities. Parkhurst alleged that Judge Leimback refused to rule on certain motions and refused to hold a hearing. Parkhurst alleged that District Attorney Meenan refused to respond to Parkhurst's correspondence and to investigate, prosecute and retrieve moneys Parkhurst claims were stolen from him by his brother. Parkhurst alleged that he has been defrauded of his property rights and has suffered financial losses in excess of $30,000.00
 
 
 11
 We remand to the District Court with instruction that Parkhurst's complaint against appellees be dismissed as frivolous under 28 U.S.C. Sec. 1915(b).
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3