**Garry DE YOUNG, Plaintiff,**

v.

**STATE OF KANSAS, and John W. White, Administrative Judge for the First Judicial District of the State of Kansas, Defendants.**

**No. 94–4199–SAC.**

United States District Court,
D. Kansas.

May 9, 1995.

Garry De Young, Stark, KS, pro se.

Carl A. Gallagher and M.J. Willoughby, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant State of Kansas' motion to dismiss (Dk. 15) on the basis of Eleventh Amendment immunity, and on the defendant Judge John W. White's motion to dismiss (Dk. 28) on the basis of judicial immunity and lack of subject matter jurisdiction. The plaintiff, Garry De Young, appearing pro se, has filed several responses to these motions. The court considers both motions ripe for ruling.

## STANDARDS FOR MOTION TO DISMISS

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686; *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74

L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir. 1989).

■ Because the plaintiff appears pro se, the court must remain mindful of additional considerations. A pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Thus, if the pro se plaintiff's complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* For that reason, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) (citation omitted).

## NATURE OF ACTION

The plaintiff's complaint consists entirely of conclusory allegations devoid of any factual context. For his statement of claim, the plaintiff simply alleges the defendants violated his rights under the Fourteenth and Seventh Amendment. For relief, the plaintiff asks to have K.S.A. 61–2707 declared unconstitutional and for one million dollars in actual damages and another million dollars in punitive damages. Only after reading the plaintiff's "Brief For This Case," (Dk. 6), does one learn the plaintiff's facts behind his constitutional claims.

Apparently, the Copy Products Corporation sued De Young in the Small Claims Court of Neosho County, Kansas, for $312.80. De Young says he appeared before the small claims court and defended on the basis that the Copy Products Corporation had failed to

repair the copier and to provide the necessary quantity of toner as required by their contract. De Young also says that he demanded a jury trial but was informed that K.S.A. 61–2707 denied him one and that he objected during the proceedings that the statutory procedure violated his rights under the Seventh and Fourteenth Amendments. It appears that De Young appealed the adverse decision of the small claims court and that the district court upheld the constitutionality of the small claims procedure citing the plaintiff's right to a jury trial on a de novo appeal to the district court. The plaintiff does not disclose whether the state district court action is still pending or whether he has appealed the district court's ruling to the Kansas Court of Appeals.

## DISMISSAL OF STATE

■ "[T]he Eleventh Amendment imposes a constitutional limitation on the jurisdiction of Article III courts." *Ponca Tribe of Oklahoma v. State of Oklahoma,* 37 F.3d 1422, 1427 (10th Cir.) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984)), *petition for cert. filed,* 63 U.S.L.W. 3477 (U.S. Dec. 9, 1994) (No. 94–1029). It affords absolute immunity from suit in federal courts for states and their agencies regardless of the legal or equitable nature of the relief sought. *Ramirez v. Oklahoma Dept. of Mental Health,* 41 F.3d 584, 588 (10th Cir. 1994). There are, however, three circumstances when the amendment does not deprive the Article III courts of jurisdiction:

> First, Congress may abrogate the states' Eleventh Amendment immunity "by making its intention unmistakably clear" in the text of a federal statute enacted pursuant to a constitutional provision that empowers Congress with abrogation rights. *Dellmuth v. Muth,* 491 U.S. 223, 227–28 [109 S.Ct. 2397, 2399, 105 L.Ed.2d 181] (1989). Second, a state may expressly waive Eleventh Amendment immunity. *Edelman v. Jordan,* 415 U.S. 651, 673 [94 S.Ct. 1347, 39 L.Ed.2d 662] (1974). And third, we may consider a suit against a state official to enjoin a non-discretionary violation of federal law. *Ex parte Young,* 209 U.S.

123, 159–60 [28 S.Ct. 441, 453–54, 52 L.Ed. 714] (1908).

*Ponca Tribe of Oklahoma,* 37 F.3d at 1427.

■ "In enacting [42 U.S.C.] section 1983, Congress did not intend to abrogate Eleventh Amendment immunity and grant jurisdiction to seek damages against a state." *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir. 1992) (citing *See Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979)). There is no indication in this case that the State of Kansas has unmistakably waived its Eleventh Amendment immunity. *See Billings v. Wichita State University,* 557 F.Supp. 1348, 1351 (D.Kan.1983), and K.S.A. 75–6116(g). The third circumstance, which was recognized in *Ex parte Young,* "allows for prospective relief only 'against state officials in federal court challenging the constitutionality of official conduct enforcing state law' and 'has no application in suits against the States and their agencies, which are barred regardless of the relief sought.'" *Hensel v. Office of Chief Administrative Hearing,* 38 F.3d 505, 509 (10th Cir.1994) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* —— U.S. ——, ——, 113 S.Ct. 684, 688, 121 L.Ed.2d 605 (1993)). "If the Eleventh Amendment applies, it confers total immunity from suit, not merely a defense to liability." *Ambus v. Granite Bd. of Educ.,* 995 F.2d 992, 994 (10th Cir.1993) (citation omitted). Because none of the three exceptions applies here, the State of Kansas is immune from federal suit and this court is without jurisdiction to entertain the plaintiff's claim.

## DISMISSAL OF JUDGE WHITE

The plaintiff alleges in his complaint that the State of Kansas is "represented by" Judge White. For purposes of this motion, the court presumes the plaintiff is alleging that Judge White is a state official and is suing him in both his official and individual capacities.

■ The plaintiff is unable to recover monetary damages. The Eleventh Amendment bars damage suits brought against state officials in their official capacities. *Russ v. Uppah,* 972 F.2d at 303. The Eleventh Amendment does not restrict civil dam-

age suits against state officials in their individual capacities, *Hafer v. Melo,* 502 U.S. 21, 30–31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301, 313 (1991). Nonetheless, the state official may have a personal immunity derived from common law. *Russ,* 972 F.2d at 303.

It is well-established that judges are absolutely immune from civil damages liability for acts performed in their judicial capacities. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978); *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 107, 130 L.Ed.2d 55 (1994). This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority. *Stump,* 435 U.S. at 356, 98 S.Ct. at 1104. A judge is subject to liability for only those judicial acts taken in the " 'clear absence of all jurisdiction.' " *Id.* (quoting *Bradley v. Fisher,* 80 U.S. 335, 13 Wall 335, 351, 20 L.Ed. 646 (1872)).

In determining whether the conduct qualifies as a judicial act, a court looks to two factors: whether the act is a function normally performed by a judge and whether the parties dealt with the judge in the judge's judicial capacity. *Stump,* 435 U.S. at 362, 98 S.Ct. at 1107; *see Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 287–88, 116 L.Ed.2d 9, 14 (1991). Both factors are present here. The defendant's acts that plaintiff alleges violated his constitutional rights are acts normally performed by a judge, namely deciding constitutional challenges to state statutes during a judicial proceeding. As revealed in his own pleadings and memoranda, the plaintiff exclusively dealt with the defendant White in the defendant's judicial capacity. Therefore, the defendant's acts were judicial acts.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles,* 502 U.S. at 11, 112 S.Ct. at 288, 116 L.Ed.2d at 14 (citation omitted). The plaintiff does not allege or come forth with any facts to demonstrate that defendant Judge White lacked jurisdiction over the ju-

dicial proceedings. Kansas law provides that an appeal from a small claims court's judgment is "tried and determined *de novo* before a district judge." K.S.A. 61–2709. The defendant Judge White is entitled to judicial immunity on the plaintiff's civil damages suit.

"[J]udicial immunity does not bar prospective injunctive relief against a judicial officer." *Hunt v. Bennett,* 17 F.3d at 1267; *see Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984). Nor does Eleventh Amendment immunity bar a suit for injunctive relief brought against a state official in his or her official capacity. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *In re Crook,* 966 F.2d 539, 542 (10th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 491, 121 L.Ed.2d 430 (1992). The plaintiff's claim, however, is not a valid cause of action under 42 U.S.C. § 1983. To allege a valid § 1983 claim, the plaintiff must assert the denial of a right, privilege or immunity secured by **federal** law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Hill v. Ibarra,* 954 F.2d 1516, 1520 (10th Cir.1992). "The Seventh Amendment right to a jury trial for civil cases does not apply in state proceedings." *Elliott v. City of Wheat Ridge,* 49 F.3d 1458 (10th Cir.1995) (citing *Eilenbecker v. District Court of Plymouth County,* 134 U.S. 31, 10 S.Ct. 424, 33 L.Ed. 801 (1890)); *see Minneapolis & St. L.R. Co. v. Bombolis,* 241 U.S. 211, 216–17, 36 S.Ct. 595, 596, 60 L.Ed. 961 (1916); *Fresno Rifle & Pistol Club, Inc. v. Van De Kamp,* 965 F.2d 723, 730 (9th Cir. 1992). Consequently, the plaintiff is without a federal right [1] on which to bring a § 1983 claim.

Even assuming the plaintiff could allege a federal right, this is precisely the type of case where federal courts out of concerns of comity and federalism refuse to meddle in the state court proceedings. If the state court proceeding is ongoing, implicates important state interests and presents

---

1. In addition, "[t]he Eleventh Amendment does ... prohibit a federal district court from granting injunctive relief against a state official who has allegedly violated only state law, as opposed to federal law." *Duran v. Carruthers,* 885 F.2d 1485, 1489 (10th Cir.1989) (citation omitted), *cert. denied,* 493 U.S. 1056, 110 S.Ct. 865, 107 L.Ed.2d 949 (1990).

an adequate opportunity to raise a constitutional challenge, then the federal court should abstain from considering a federal constitutional challenge to state law and from enjoining the state court proceeding. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). The plaintiff may resort to the state appellate process to vindicate any constitutional challenges.[2]

Although dismissals under Rule 12(b)(6) typically occur only after the plaintiff is afforded notice and an opportunity to amend the complaint to cure the defective allegations, the court "may dismiss sua sponte 'when it is patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Hall*, 935 F.2d at 1110 (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). Facing the insurmountable hurdles of the Eleventh Amendment and absolute judicial immunity, as well as the absence of any cognizable federal right to a jury trial, the plaintiff's attempts at amending his complaint would be futile.

IT IS THEREFORE ORDERED that the State of Kansas' motion to dismiss (Dk. 15) is granted;

IT IS FURTHER ORDERED that the defendant Judge John W. White's motion to dismiss (Dk. 28) is granted.

---

2. The plaintiff's challenge to the small claims court procedure as denying him the right to a jury trial is not an issue of first impression in Kansas. The Kansas Court of Appeals in *Windholz v. Willis*, 1 Kan.App.2d 683, 686, 573 P.2d 1100 (1977), found that the summary procedures for small claims could be upheld if the constitutional requirements were afforded in a trial de novo on appeal:

"The guarantee of trial by jury, like the right to counsel, can be fulfilled if a trial de novo is available at the district court. In *Capital Traction Co. v. Hof*, 174 U.S. 1, 43 L.Ed. 873, 19 S.Ct. 580 (1899), the Court held that the right to a common-law jury trial as guaranteed by the Seventh Amendment to the United States Constitution is not violated by a statutory provision allowing the primary trial of civil cases of a moderate amount by a justice of the peace, where the statute also allowed the parties the right to appeal to a court of record where a common-law jury could be had. The Minnesota Supreme Court applied the same reasoning to uphold a statute establishing a "conciliation court" where the losing party could appeal and get a trial by jury. *Flour City Fuel and Transfer Co. v. Young*, 150 Minn. 452, 185 N.W. 934 (1921)."

*See Armstrong v. Lowell H. Listrom & Co.*, 11 Kan.App.2d 448, 452, 725 P.2d 540 (1986); *Koerner v. Custom Components, Inc.*, 4 Kan.App.2d 113, 122, 603 P.2d 628 (1979).