**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENT L. MECHAM,

      Plaintiff-Appellant,

v.

DONNA TAYLOR, Supervising
Agent; and STUART MCCIVER,

      Defendants-Appellees.

_____

KENT L. MECHAM,

      Plaintiff-Appellant,

v.

LARRY A. KELLY, Hearing Officer;
and MICK SPILKER, Supervising
Agent,

      Defendants-Appellees.

No. 96-4143
(D.C. No. 95-CV-984W)
(Dist. of Utah)

No. 96-4178
(D.C. No. 95-CV-1030C)
(Dist. of Utah)

**ORDER AND JUDGMENT**[*][**]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

---

    [*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not be of material assistance in the
determination of these appeals. See Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.
The case is therefore ordered submitted without oral argument.

    [**] This order and judgment is not binding precedent, except under the
doctrines of law of the case, *res judicata*, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Kent L. Mecham filed suit under 42 U.S.C. §§ 1983 and 1985 alleging that the defendants, Donna Taylor, Stuart McCiver and John Does 1-10, members of the Utah Department of Corrections, falsified information in order to find probable cause that Mecham violated his parole. Mecham filed a separate suit under 42 U.S.C. § 1983 alleging that defendants Larry A. Kelly, Mick Spilker and John Does 1-10, also members of the Utah Department of Corrections, failed to release him from prison after they were informed that he had not received notice of his parole prerevocation hearing. Mecham filed both actions pro se and in forma pauperis.

Both actions were dismissed under 28 U.S.C. 1915(d) as frivolous.[1] A claim is frivolous if it lacks an arguable basis for relief in either fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Mecham now appeals. Because

---

[1]At the time that Mecham filed these actions, a district court within its discretion could dismiss a complaint filed in forma pauperis if the court found the action to be frivolous. 28 U.S.C. § 1915(d) (1994) (amended Apr. 26, 1996, Pub.L. 104-134). After the actions were commenced, but before Mecham filed these appeals, section 1915 was amended to require a court sua sponte to dismiss an action--or an appeal--filed in forma pauperis if the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (Supp. 1997). These appeals were filed in forma pauperis. Thus, we apply the stricter standard of the revised statute in deciding whether to dismiss them.

the cases involve similar legal issues, we have consolidated them for purposes of appeal.

Case No. 96-4143

In his complaint in Case No. 96-4143, Mecham claims that Parol Agent Taylor falsified information in her warrant request and parole violation report. Specifically, Mecham asserts that Taylor reported that Mecham violated his curfew and failed to report in, when in fact, Taylor gave Mecham permission to be out past curfew and not to report in. According to Mecham, Taylor admitted at the prerevocation hearing that she had given Taylor permission to be out past curfew and not to report. Mecham's claim against McCiver is based on McCiver's inclusion of the false information in a prerevocation hearing report finding probable cause that Mecham violated his parole. Mecham asserts that when the facts were presented to the Utah Board of Pardons he was "released immediately."

Mecham seeks damages of one thousand dollars a day for every day that he was illegally incarcerated and compensation for loss of wages and loss of freedom. He also seeks mental health treatment for the suffering he endured in prison and for being unable to spend time with his mother who has cancer.

In his Report and Recommendation of 12/4/95, Magistrate Judge Ronald Boyce recommended dismissal of the § 1985 claim because no racial animus was alleged. Bisbee v. Bey, 39 F.3d 1096, 1102 (10th Cir. 1994), cert. denied, 115 S.

- 3 -

Ct. 2577 (1995). He recommended dismissal of the action as to the John Doe defendants because the plaintiff failed to allege any wrongdoing on the part of those defendants. Langley v. Adams County, 987 F.2d 1473, 1481 (10th Cir. 1993). The district court issued an order in accordance with the magistrate's recommendations. We review a district court's determination that an action brought in forma pauperis is frivolous for abuse of discretion. Malek v. Haun, 26 F.3d 1013, 1015 (10th Cir. 1994). Finding no abuse of discretion with regard to the above claims, we affirm.

We are, however, unable to affirm the district court's dismissal of the section 1983 claims against Taylor and McCiver. The magistrate recommended dismissing those claims on several grounds. First, the magistrate found that the claims were barred under Heck v. Humphrey, 114 S. Ct. 2364 (1994). In Heck, the Supreme Court held that a plaintiff is barred from bringing a section 1983 action for damages based on an unconstitutional imprisonment unless the underlying conviction or sentence has been invalidated. Id. at 2372. We have held that Heck "applies to proceedings that call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). Neither the magistrate nor the court took notice of Mecham's claim that the Board of Pardons released him after holding its own hearing. The precondition for suit mandated by Heck, invalidation of Mecham's parole revocation, is alleged in

Mecham's complaint as well as in his objection to the magistrate's Report and Recommendation. It is an abuse of discretion to dismiss Mecham's complaint as frivolous under Heck unless and until such allegation is proven false.

The court further dismissed the claims against McCiver on the ground that he is protected by absolute immunity. We review de novo the legal question of whether a defendant possesses immunity. Wilson v. Meeks, 52 F.3d 1547, 1551 (10th Cir. 1995) The magistrate found, and the district court agreed, that "to the extent plaintiff is asserting a claim against parole board member McCiver for finding probable cause to revoke plaintiff's probation, a member of the Utah Board of Pardons is absolutely immune from a damage suit for actions taken in performance of the Board's official duties." Magistrate's Report and Recommendation at 2 (citing Malek v. Haun, 26 F.3d 1013, 1015 (10th Cir. 1994)). The problem with this recommendation is that Mecham alleges in his complaint and in his response to the magistrate's Report and Recommendation that McCiver is a member of the board of corrections not the board of pardons and that the action was not in furtherance of the board of pardon's duties, but a preliminary step taken by the corrections department. Under Utah law, a finding of probable cause to revoke parole is made by a member of the board of corrections before the board of pardons holds a hearing. See U.C.A. 77-27-11(3). Thus, Malek does not govern this case. Rather, it appears to be governed by cases

such as <u>Russ v. Uppah</u>, 972 F.2d 300 (10th Cir. 1992), and <u>Mee v. Ortega</u>, 967 F.2d 423 (10th Cir. 1992), which hold that decisions of parole officers involving the revocation of parole warrant only qualified, not absolute, immunity. If McCiver knowingly included false information in his report finding probable cause to revoke Mecham's parole, he would not be protected by qualified immunity. <u>See Russ</u>, 972 F.2d at 303-04 (parole officer who intentionally presents false information in parole revocation process not protected by qualified immunity). However, the record is not well developed regarding McCiver's precise role or whether he might have any other claims for absolute immunity. Accordingly, that matter should further be addressed by the district court on remand.

Additionally, the magistrate recommended dismissing the claim that Taylor gave false testimony at the parole revocation hearing, finding that parole officers have absolute immunity for testimonial evidence given at parole hearings. Magistrate's Report and Recommendation at 3. We held in <u>Russ</u> that parole officers possess only qualified immunity for testimony given at a parole revocation hearing and that an officer who knowingly lies during a parole revocation hearing is not protected from suit. <u>See id.</u> at 303. Further, Taylor possesses only qualified immunity in relation to her preparation of a warrant request and parole violation report, which does not shield her from a claim of

knowingly falsifying information in those documents, as discussed above. <u>See also Wilson v. Kelkhoff</u>, 86 F.3d 1438 (7th Cir. 1996) (parole officer's filing of parole violation report protected only by qualified immunity). <u>Accord</u> <u>Jones v. Moore</u>, 986 F.2d 251, 253 (8th Cir. 1993).

For the reasons set out above, we AFFIRM the district court order dismissing as frivolous the section 1985 claims and the claims against John Does 1-10. However, we REVERSE the order dismissing the section 1983 claims against Taylor and McCiver as frivolous and REMAND to the district court for further proceedings in conformance with this decision.

<u>Case No. 96-4178</u>

In his complaint in Case No. 96-4178, Mecham alleges that the defendants failed to release him after being notified that he had not received prior notice of his prerevocation hearing. In his Report and Recommendation of 1/9/96, Magistrate Judge Samuel Alba recommended dismissing the action as to the John Doe defendants because the plaintiff failed to allege any wrongdoing on the part of those defendants. <u>Langley v. Adams County</u>, 987 F.2d 1473, 1481 (10th Cir. 1993). He recommended dismissing the action as to the other defendants because

the plaintiff failed to show that he was prejudiced by the lack of notice.[2]  See

Miller v. Federal Bureau of Prisons, 989 F.2d 420 (10th Cir. 1993).  The district

court issued an order in accordance with the magistrate's recommendations.

Finding no abuse of discretion with regard to the above claims, we AFFIRM.[3] [4]

Conclusion

With regard to Case No. 96-4143, we AFFIRM the district court order

dismissing as frivolous the section 1985 claims and the claims against John Does

---

[2]In his appeal, Mecham claims he was prejudiced by being unable to notify his witnesses.  However, Mecham did not raise this argument below in his complaint or in his response to the magistrate's Report and Recommendation. Thus, we will not consider it on appeal.  In re Walker, 959 F.2d 894, 896 (10th Cir. 1992).

[3]The magistrate recommended additionally that the claim against Kelly be dismissed because "a member of the Utah Board of Pardons is absolutely immune from a damage suit for actions taken in performance of the Board's official duties."  Report and Recommendation of 1/9/96 at 2 (citing Malek v. Haun, 26 F.3d 1013, 1015 (10th Cir. 1994)).  As in Case No. 96-4143, it appears that Kelly is not a member of the board of pardons, but rather, an officer in the department of corrections, entitled to only qualified immunity.  However, because of our disposition of this appeal we need not decide whether, given the allegations in the complaint, Kelly would be protected by qualified immunity.

[4]On February 4, 1997, we issued an order directing the plaintiff to make partial payments toward the filing fee for this appeal, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1).  As of April 2, 1997, we had not received any payments, although the average balance in plaintiff's prison account was $24.06 in the six months preceding the appeal. Therefore, on that date we issued an Order to Show Cause directing the plaintiff and his custodian to show cause why the appeal was not subject to dismissal.  In response, the prison has sent documentation of three partial payments made by Mecham toward the filing fee.  Therefore, we herein discharge the Order to Show Cause.

1-10. We REVERSE the order dismissing the section 1983 claims against Taylor and McCiver as frivolous and REMAND to the district court for further proceedings in conformance with this decision.

With regard to Case No. 96-4178, we AFFIRM the district court order dismissing as frivolous the section 1983 claims against all defendants and DISCHARGE the Order to Show Cause issued on April 2, 1997.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge