**Michael D. CALVIN, Plaintiff,**

v.

**KANSAS PAROLE BOARD,
et al., Defendants.**

**No. 94–3400–RDR.**

United States District Court,
D. Kansas.

Feb. 5, 1998.

Michael D. Calvin, Kansas City, KS, pro se.

Kevin D. Case, Smithyman & Zakoura, Chtd., Overland Park, KS, for Defendants.

### ORDER

ROGERS, Senior District Judge.

This is a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis, and the court ordered the preparation and filing of a *Martinez* report. Defendants have filed an Answer together with a motion to dismiss with attachments including the report which were treated as a motion for summary judgment. Plaintiff was notified and has filed a response. Having examined all the materials in the file, the court finds as follows.

The following facts are found to be uncontroverted. At the time of the filing of this action, plaintiff was serving a parole violator term in the Ellsworth Correctional Facility, Ellsworth, Kansas (ECF), on sentences for aggravated robbery and aggravated battery. Plaintiff had been paroled on March 2, 1992, but his parole was revoked for violations reported on July 27, 1993 and August 17, 1993. He was found guilty of prohibited contact with, plus threats and violent behavior toward, Velma Miller who had reported him to police; and refusal to surrender as directed by his parole officer.

The violation reports were prepared by plaintiff's parole officer, defendant Ollie Johnson. Plaintiff waived his right to a preliminary hearing (*Martinez* report, Exhib. F). A revocation hearing was held on October 20, 1993. The Request for (waiver of) Witnesses (Exhib.G) and Parole Board Action Notice (Exhib.H) indicate that plaintiff did not request favorable witnesses or that adverse witnesses be made to appear and admitted the violations.

Attachments to the *Martinez* report include an affidavit from Velma Miller dated March 10, 1994, in which she states that she lied about the July, 1993 incident (Exhib.I). Plaintiff obtained and submitted this affidavit to the Kansas parole board seeking review of its revocation decision. This affidavit was received by the Kansas parole board on March 21, 1994. The Board reviewed the matter in June, 1994, and did not change their previous order. On November 2, 1994, the Kansas parole board received correspondence from the NAACP. The Board reviewed the file again and on December 9, 1994, decided to grant the plaintiff a special hearing. The special hearing was conducted on January 17, 1995, at which time plaintiff's entire file was reviewed. The Kansas parole board rescinded their prior order and issued a Certificate of Parole. Plaintiff was again released on parole in February, 1995. Recent correspondence indicates that he is

presently confined at the ECF, although the cause of his current confinement is not disclosed.

Plaintiff sues the "Kansas parole board" in "their individual and official capacities," and Ollie Johnson, parole officer, in his individual capacity. Plaintiff states that he does not seek to overturn the revocation of his parole. Rather, he asserts the revocation was unconstitutional because it was based upon the "unproved hearsay statements" of Velma Miller and "the unsubstantiated claims of the parole officer," and because surrendering was not a condition of his parole contract. He claims violation of due process in the board's revocation procedures and failure to grant a review based upon the "new evidence" of Velma Miller's affidavit. Plaintiff further claims he was denied due process because he was not provided with "a meaningful opportunity for a preliminary/probable cause hearing before an impartial hearing officer." He further alleges that defendants conspired to deprive him of constitutional rights. Plaintiff stated in his complaint that he had an action pending in state court based upon the same allegations but challenging his confinement. In this action, he seeks declaratory, injunctive and monetary relief.

Plaintiff was notified by prior order, of the standards for summary judgment as well as the deficiencies found in his complaint. He was given the opportunity to respond to defendants' motion for summary judgment, and to submit material pertinent to that motion. *Ketchum v. Cruz,* 961 F.2d 916, 919 (10th Cir.1992). Pursuant to Rule 56(e), plaintiff may not rest upon the mere allegations in his complaint but must submit affidavits or discovery materials which set forth specific facts showing that there is a genuine issue for trial. The court has examined all evidence in a light most favorable to plaintiff.

■ Plaintiff's allegations against defendant "Kansas parole board" do not state a viable § 1983 claim. A parole board is not a "person" for purposes of suit under 42 U.S.C. § 1983. Moreover, members of state parole boards are absolutely immune to suits for damages for actions taken in performance of their official duties. *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir.1992); *Knoll v. Webster,* 838 F.2d 450, 451 (10th Cir.1988) (per

curiam); *see also Malek v. Haun,* 26 F.3d 1013, 1015 (10th Cir.1994).

■ The board's actions of which plaintiff complains were clearly taken in performance of the board's official duties. Thus, defendant parole board members, even if individually named, have personal immunity. Members of the Kansas parole board also have Eleventh Amendment immunity against this suit for damages in their official capacities since suits against state officials in their official capacity are in essence suits against the State. *Russ v. Uppah,* 972 F.2d at 303. Consequently, defendants' motion for summary judgment is granted as to plaintiff's claims for money damages against defendant "Kansas parole board."

■ Defendant parole officer Ollie Johnson, while not absolutely immune, is entitled to qualified immunity from damages for actions involving the revocation of parole. *Id.; Mee v. Ortega,* 967 F.2d 423 (10th Cir.1992). Under this standard, "officials performing discretionary functions are generally shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights [of] which a reasonable person would have known." *Mee,* 967 F.2d at 429. The constitutional standards regarding parole violations were established by the Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *Morrissey* provided that a parolee is entitled to retain his liberty as long as he substantially abides by the conditions of his parole. 408 U.S. at 479, 92 S.Ct. at 2599. If, as a matter of law, the parole officer's decision, such as to hold a parolee in jail pending the revocation hearing, was an action "that a reasonable [person] could have believed lawful," *Mee,* 967 F.2d at 429–30, *citing Anderson v. Creighton,* 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987), then the defendant is "entitled to dismissal before discovery," *Mee* at 430, citing *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir.1992).

The allegations made by Calvin attributed to defendant Johnson are that as his parole officer Johnson caused Calvin's arrest on a violator warrant without probable cause, failed to provide a preliminary hearing and

caused revocation of his parole on insufficient, hearsay evidence.

Plaintiff's claim of a lack of meaningful opportunity for a preliminary hearing is contradicted by the administrative record. Exhibits attached to the *Martinez* report indicate that plaintiff was informed of his entitlement to a preliminary hearing but waived that right. In his response to the motion for summary judgment, plaintiff alleges for the first time that he believes defendant Johnson "falsified" the exhibit by "trying" to "make it look like the plaintiff signed his signature." This allegation is conclusory and does not adequately controvert the administrative record. Plaintiff does not deny that he waived the preliminary hearing. Thus, no basis for finding injury or a damage award is presented.

Plaintiff's claim that he was arrested on the violator warrants and had parole revoked without probable cause or on insufficient evidence is also controverted by the administrative record. The violation reports and parole action notice show that police were called to the victim's home and that the victim stated Calvin threw bricks through the windows and threatened her. Parole officer Johnson and another parole officer observed the broken windows and interviewed the victim. The fact that the victim provided an affidavit recanting her statements to Johnson four or five months after the parole revocation hearing is not evidence that the arrest or revocation was based on insufficient evidence. Plaintiff does not show that defendant Johnson knew that Ms. Miller might recant or knowingly used false information in the parole revocation proceedings. More importantly, Calvin admitted he was guilty of this violation.

Calvin also admitted his guilt on the second violation of refusing to obey his parole officer's directive to surrender. Plaintiff's claim that surrendering was not a condition of his parole contract does not adequately refute this ground for violation. Reasonable grounds clearly existed for the decision to revoke plaintiff's parole. Johnson's decisions were reasonable and lawful under the circumstances of this case. Consequently, defendant Johnson is entitled to qualified immunity and is not liable to plaintiff for damages.

Remaining is plaintiff's claim that the parole board either failed to comply with its review procedures or did not have adequate procedures to consider the affidavit of Velma Miller. The administrative record indicates that the parole board did review plaintiff's case after receiving Miller's affidavit, but initially determined that no change of action was warranted. Defendant Johnson is not alleged to have participated in the parole board's refusal to change their revocation decision. As plaintiff points out, new evidence is reviewable by the board under Kan.Admin.Regs. 45–4–6(b). Plaintiff's claim for declaratory and injunctive relief regarding the board's alleged failure to review his case is moot because of the special hearing on December 9, 1994, at which he was granted reparole.

From the foregoing, the court concludes that plaintiff has not come forward with specific facts showing the presence of a genuine issue of material fact for trial or significant probative evidence supporting his allegations.

IT IS THEREFORE ORDERED THAT defendants' motion for summary judgment is granted, and this action is dismissed and all relief is denied.