**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FEB 19 1998**

**PATRICK FISHER**
**Clerk**

ANDREW LEO LOPEZ, individually
and dba Andrew Leo Lopez, CPA,

      Plaintiff-Appellant,

v.

MARK SHAPIRO, EVELYN L.
JARAMILLO, LUCIA ADRIANNA
RAMIREZ, BERNALILLO COUNTY
SHERIFF, and JOHN DOE, Sheriff's
Deputy,

      Defendants-Appellees.

No. 97-2334
(District of New Mexico)
(D.C. No. CV-96-1757-LH/DJS)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The court therefore honors the parties' requests and orders the cause submitted without oral argument.

Andrew L. Lopez, proceeding *pro se*, appeals the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of his 42 U.S.C. §§ 1983 and 1986 civil rights complaint. Lopez brought suit against Judge Mark Shapiro, a New Mexico metropolitan court judge, Evelyn Jarmillo, Judge Shapiro's secretary, Lucia Ramirez, Judge Shapiro's "court secretary," and the Bernalillo County Sheriff's Office and sheriff's deputy John Doe. Lopez alleged the Judge Shapiro violated his civil rights when he held him in contempt of court for failing to appear at a hearing on a parking violation.[1] He further alleged that Jarmillo and Ramirez violated his civil rights by participating in the issuance of a bench warrant for Lopez's arrest for failure to appear. Finally, Lopez asserted that the sheriff's office and deputy John Doe violated his rights when deputy Doe arrested him on the bench warrant. The defendants filed a motion to dismiss based on absolute judicial immunity. After a hearing on the matter, the district court agreed that the defendants were immune and dismissed the suit.

This court has conducted a *de novo* review of Lopez's complaint and agrees with the district court's conclusion that the complaint fails to state a claim. Taking all of the allegations set out in the complaint as true and construing them

---

[1]Lopez's contempt conviction was eventually overturned on appeal.

in the light most favorable to Lopez, each of the defendants is entitled to absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (holding judges are immune from suit for judicial acts unless those acts are "taken in complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 356-59 (1978) (holding "the scope of a judge's jurisdiction must be construed broadly were the issue is the immunity of that judge" and that neither "commission of grave procedural errors" nor acts "in excess of [the judge's] authority" will deprive the judge of immunity); *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (holding that "others performing judicial or 'quasi-judicial' functions enjoy absolute immunity"); *Newton v. Buckley*, No. 96-4202, 1997 WL 642085, at *4 (10th Cir. Oct. 17, 1997) (unpublished disposition) ("The circuits are in general agreement that a clerk's issuance of a warrant involves a quasi-judicial acta and, therefore, carries with it the protections of absolute immunity."); *Valdez v. City & County of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989) (holding that police officers "charged with the duty of executing a facially valid court order enjoy[] absolute immunity from liability for damages in a suit challenging conduct prescribed in that order.").

The judgment of the United States District Court for the District of New Mexico is hereby **AFFIRMED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge